UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DOUD LANGDON,<br><br>Plaintiff,<br><br>v.<br><br>KERRY THOMSON Mayor of Bloomington, IN,<br>THE CITY OF BLOOMINGTON, IN.,<br><br>Defendants. | ) | No. 1:26-cv-02372-JPH-TAB |

**ORDER SCREENING COMPLAINT**

Mr. Christopher Langdon filed a complaint against Defendants Mr. Kerry Thomson, Mayor of Bloomington, IN, and the City of Bloomington, IN, alleging violations of his First Amendment rights. Dkt. 1.

## I.
## *In Forma Pauperis* Status

Mr. Langdon's motion to proceed *in forma pauperis*, dkt. [2], is **GRANTED**. *See* 28 U.S.C. § 1915(a). While *in forma pauperis* status allows Mr. Langdon to proceed without prepaying the filing fee, he remains liable for the full fees. *Ross v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. Jan. 15, 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees."). No payment is due at this time.

## II.
## Screening Standard

The Court has the inherent authority to screen Mr. Bell's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted. *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## III.
## Facts and Background

Mr. Langdon alleges that, in January 2026, he "asked that [he] be allowed to paint streets of [his] choosing in the City of Bloomington with [his] social/human rights messages," but his request was ignored. Dkt. 1 at 2. Mr. Langdon does not specify whether he submitted his request via email, form, phone, or otherwise.

Mr. Langdon points to three Black Lives Matter murals in Bloomington, *id.* at 4, and states he desires to paint his messages, including, but no limited to: "All Lives Matter; Yellow Lives Matter; Brown Lives Matter; Red Lives Matter; Black Lives Matter; White Lives Matter; Blue Lives Matter; Ukrainian Lives Matter" and so on. *Id.* at 4.

Mr. Langdon seeks permission to "paint the public streets of [his] choosing" in Bloomington, "the same support which those who painted [']Black Lives Matter['] on the city's streets received from the city, including . . . financial support", and monetary damages. *Id.* at 6.

## IV.
## Analysis

### A. Claims against Mayor Kerry Thomson

Mr. Langdon named Bloomington Mayor Kerry Thomson in the caption of his complaint but does not allege any facts specific to her. Any claims against Mayor Thomson must therefore be **DISMISSED**. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation."); *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018) ("Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly.").

### B. Claims against the City of Bloomington

While municipalities like Bloomington may be sued for constitutional violations under 42 U.S.C.A. § 1983, "they are only liable for their own wrongs."

*Orozco v. Dart*, 64 F.4th 806, 823 (7th Cir. 2023). A plaintiff therefore must plausibly allege that the constitutional deprivation resulted from one of three forms of municipal action: an express policy, a widespread and well-settled custom or practice, or a decision by an official possessing final policymaking authority. *See Bohanon v. City of Indianapolis*, 46 F.4th 669, 675 (7th Cir. 2022). The plaintiff must also allege municipal fault and that the identified municipal action was the moving force behind the constitutional injury. *Orozco*, 64 F.4th at 823.

Mr. Langdon alleges that his First Amendment constitutional rights were violated because he was not permitted to paint his proposed murals on Bloomington's streets like Black Lives Matter activists were. Dkt. 1 at 2. Mr. Langdon argues that "to only allow one race to paint its slogan on the streets is racially discriminatory." *Id.* at 5. Mr. Langdon does not, however, identify an express Bloomington policy governing street murals, facts showing a widespread discriminatory custom or practice, or a discriminatory application or permitting process. Nor does he allege that a particular official with final policymaking authority made or approved the decision to ignore his request or prohibit him from painting the streets.

Plaintiff's allegation that his request was ignored does not plausibly establish a widespread municipal custom. He does not allege that he made his request through the required channels, and a custom-based claim requires facts supporting a reasonable inference that the practice was widespread and that the alleged violation was not an isolated incident; "a few sporadic

examples" are insufficient. *See Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023).

Accordingly, even assuming the complaint plausibly alleges unequal or discriminatory treatment, it does not plausibly connect that alleged injury to an actionable policy, custom, practice, discriminatory municipal process, or final-policymaker decision attributable to Bloomington. The complaint therefore fails to state a § 1983 claim, and the claims against the City of Bloomington are **DISMISSED**.

## V.
## Conclusion

Mr. Langdon's motion to proceed *in forma pauperis* is **GRANTED**. Dkt. [2].

Mr. Langdon's claims against Mayor Kerry Thomson are **DISMISSED without prejudice**. Dkt. [1].

Mr. Langdon's claims against the City of Bloomington, IN, are **DISMISSED without prejudice.** Dkt. [1].

Mr. Langdon has until **December 4, 2026**, to amend his complaint or a final judgment will be issued in this case. The **Clerk is directed** to provide Mr. Langdon with a blank civil rights complaint form.

An amended complaint should in essence tell the Court who did what when. The amended complaint will completely replace the complaint filed at docket 1 and must conform to the following guidelines:

1. the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short

and plain statement of the claim showing that the pleader is entitled to relief. . . . ;"

2. the amended complaint must include a demand for the relief sought;
3. the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury; and
4. the amended complaint must include the case number referenced in the caption of this Order, 1:26-cv-02372-JPH-TAB and have the words "Amended Complaint" on the first page.

If an amended complaint is filed as directed, it will also be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above and final judgment entered without further notice.

**SO ORDERED.**

Date: 11/9/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHRISTOPHER DOUD LANGDON
P.O.B. 43
Winter Park, FL 32790